# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,            ) | |
|                                                         ) | |
|            Plaintiff,               ) | **ORDER DENYING MOTION** |
|                                                         ) | **TO REDUCE SENTENCE** |
|   vs.                                              ) | |
|                                                         ) | Case No. 2:15-cr-32 |
| Randall Joseph Novak,              ) | |
|                                                         ) | |
|            Defendant.           ) | |

Before the Court is Defendant Randall Joseph Novak's motion to reduce sentence filed on May 4, 2020. Doc. No. 23. The Government responded in opposition to the motion on May 19, 2020. Doc. No. 24. Novak seeks a reduction in his sentence to time served based on "extraordinary and compelling reasons" under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act of 2018 ("FSA"). For the reasons below, the motion is denied.

## I.     BACKGROUND

On April 13, 2015, an information was filed charging Novak with conspiracy to possess with intent to distribute and distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. Doc. No. 1. On April 27, 2015, Novak pleaded guilty pursuant to plea agreement. Doc. No. 5. The Court[1] sentenced Novak to 95 months and 20 days of imprisonment on July 24, 2015. Doc. No. 16.

The Bureau of Prisons ("BOP") placed Novak at FCI Oxford. Now 36 years old, Novak has a projected release date of January 8, 2021.[2] Novak sent a request for compassionate release

---

[1] The Honorable Ralph R. Erickson, then Chief Judge of the United States District Court for the District of North Dakota, now Circuit Judge of the United States Court of Appeals for the Eighth Circuit.

[2] According to Novak, he is set to be moved to a halfway house on July 14, 2020, to serve the remainder of his sentence. Doc. No. 23.

under 18 U.S.C. § 3582(c)(1)(A) to the warden at FCI Oxford, which was denied on April 14, 2020. Doc. No. 23-1.

## II.     DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). As one narrow exception to that rule, a court "may reduce the term of imprisonment" when "extraordinary and compelling reasons" exist and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."[3] 18 U.S.C. § 3582(c)(1)(A)(i). The 18 U.S.C. § 3553(a) factors also must support the reduction. Id. The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016).

### A.     Administrative Exhaustion

Previously, only the BOP Director possessed the authority to bring a compassionate release motion on a defendant's behalf. With the enactment of the FSA, however, Congress has now permitted courts to grant compassionate release "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

The warden at FCI Oxford received Novak's compassionate release request no later than April 14, 2020. More than 30 days have lapsed since then. Therefore, Novak has met the statute's exhaustion requirement, and the Court will proceed to the merits of his motion.

---

[3] In lieu of extraordinary and compelling reasons, the statute also permits a sentence reduction where a defendant is at least 70 years old and certain additional conditions are met. See 18 U.S.C. § 3582(c)(1)(A)(ii). Novak is 36 years old, so this avenue for relief is foreclosed.

### B. Extraordinary and Compelling Reasons

The compassionate release statute does not define what constitutes "extraordinary and compelling reasons." Instead, Congress has dictated that the Sentencing Commission, through a policy statement, "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including . . . a list of specific examples." 28 U.S.C. § 994(t). To meet its statutory obligation, the Commission has promulgated USSG § 1B1.13. The policy statement itself largely mirrors the compassionate release statute's language. See USSG § 1B1.13(1)-(3).

More pertinent here is Application Note 1 to the policy statement. So long as a defendant does not pose "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," the Application Note delineates four instances that demonstrate extraordinary and compelling reasons for compassionate release. USSG § 1B1.13(2); id. app. n.1. The first three circumstances set out in subdivisions (A) through (C) pertain to a defendant's medical condition, age, or family circumstances, respectively. See id. app. n.1(A)-(C). Subsection (D)—the catch-all provision—authorizes a sentence reduction when "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than . . . the reasons described in subdivisions (A) through (C)." Id. app. n.1(D). Novak's motion appears to rest on subdivision (D), as he does not point to a medical condition, his age, or the need to take care of a child left without a caregiver or to take care of an incapacitated spouse.[4]

The Sentencing Commission, currently lacking a quorum, has yet to update § 1B1.13 since Congress amended § 3582(c)(1)(A). The policy statement still contemplates a motion for compassionate release originating solely from the BOP Director—clearly no longer the case. See

---

[4] Novak does mention his desire to take care of his parents who are getting older, but such a family circumstance does not qualify under subdivision (C).

USSG § 1B1.13.  Seizing on this vacuum, several district courts have concluded that the discretion vested in the BOP Director under the catch-all provision now belongs coextensively to federal judges.  See, e.g., United States v. Fox, Criminal No. 2:14-cr-03-DBH, 2019 WL 3046086, at *3 (D. Me. July 11, 2019); United States v. Beck, 1:13-CR-186-6, 2019 WL 2716505, at *5-6 (M.D.N.C. June 28, 2019); United States v. Cantu, Criminal Action No. 1:05-CR-458-1, 2019 WL 2498923, at *5 (S.D. Tex. June 17, 2019).  Other district courts disagree.  See, e.g., United States v. Lynn, CRIMINAL NO. 89-0072-WS, 2019 WL 3805349, at *4 (S.D. Ala. Aug. 13, 2019); United States v. Gutierrez, No. CR 05-0217 RB, 2019 WL 2422601, at *2-3 (D.N.M. June 10, 2019); United States v. Shields, Case No. 12-cr-00410-BLF-1, 2019 WL 2359231, at *4 (N.D. Cal. June 4, 2019).  Indeed, this Court recently determined that § 3582(c)(1)(A)'s plain language mandates adherence to the policy statement as written.  United States v. Rivera, Case No. 1:16-cr-00239, Doc. No. 61 (D.N.D. Nov. 25, 2019).  Nevertheless, even assuming arguendo that the Court possesses the authority to find other extraordinary and compelling reasons for purposes of this motion, Novak does not meet the burden to demonstrate that such reasons exist here.

While sympathetic to Novak's concern regarding the effects of COVID-19 in the federal prison system, the Court does not find that his circumstances clear the high bar necessary to warrant a sentence reduction.  As the Third Circuit Court of Appeals recently commented, "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."  United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).  District courts have concluded similarly.  See, e.g., United States v. Eberhart, Case No. 13-cr-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence. . . .").

FCI Oxford has yet to report a confirmed case.  See <u>BOP: COVID-19 Update</u>, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/index.jsp (last visited June 8, 2020).  Novak does not mention any medical conditions in his motion, let alone any that would subject him to a higher risk of COVID-19.  Finally, the BOP has undertaken an extensive response effort to prevent and mitigate the spread of COVID-19 in its facilities, including screening, visitation, and social distancing measures.  See <u>BOP Implementing Modified Operations</u>, Fed. Bureau of Prisons, https://www.bop.gov/coronavirus/covid19_status.jsp (last visited June 8, 2020).  Accordingly, Novak's generalized assertions regarding the risk of contracting COVID-19 while incarcerated do not present an extraordinary and compelling reason for a sentence reduction.

### III.     CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority.  For the reasons above, Novak's motion to reduce sentence (Doc. No. 23) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 8th day of June, 2020.

> */s/ Peter D. Welte*
> Peter D. Welte, Chief Judge
> United States District Court